FILED

```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ALABAMA              97 OCT 21  AM 10: 48
                     SOUTHERN DIVISION
                                                         U.S. DISTRICT COURT
MICHAEL D. ARRINGTON,       }                             N.D. OF ALABAMA
                            }
     Plaintiff,             }
                            }       CIVIL ACTION NO.           CKO
     vs.                    }
                            }       CV-97-AR-2244-S
BRUNO'S, INC., et al.,      }                           ENTERED
                            }
     Defendants.            }
                                                         OCT 2 1 1997
```

### MEMORANDUM OPINION

The court has before it the motion of defendant, Bruno's, Inc. ("Bruno's"), to dismiss several of the claims made in several pleadings filed by plaintiff, Michael D. Arrington ("Arrington"), in the above-styled cause. On August 29, 1997, Arrington instituted this action by filing three separate papers alleging that Bruno's and two of its employees had violated his rights under the Civil Rights Act of 1964, *as amended*, the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and 42 U.S.C. §§ 1985 and 1986. For the following reasons, the court determines that most, but not all, of Arrington's claims against Bruno's are due to be dismissed.

### **Arrington's § 1985 and § 1986 Claims.**

In essence, § 1985 creates a cause of action when two or more persons conspire to injure or deprive another of a constitutional right. Obviously, an essential element of a § 1985 claim is the existence of a conspiracy among those persons committing the alleged constitutional violations. Although Arrington alleges in his pleadings that Bruno's employees violated his constitutional rights, he fails to identify or describe any conspiracy to do so, except by way of legal conclusion. Moreover, as Bruno's correctly observes, it is well settled that a corporation cannot conspire with its employees. <u>Harris v. Warner-Lambert Co.</u>, 486 F.Supp. 125, 127 (N.D.Ga. 1980). Arrington's pleadings fail to allege an essential element of a § 1985 claim and, therefore, must be dismissed. Given that § 1985 and § 1986 are companion statutes, Arrington's failure to state a § 1985 claim means that his § 1986 claim must also be dismissed.

### **Arrington's FMLA Claims.**

Arrington claims that Bruno's violated the FMLA by failing to accommodate his need to attend to his terminally ill brother. Bruno's counters this allegation by noting that Arrington does

2

not qualify as an "eligible employee" under the FMLA. Bruno's point is well taken.

Before an employee can qualify for leave under the FMLA, he must work for the employer in question for either: 1) a minimum of twelve months; or 2) a minimum of 1,250 hours during the previous twelve month period. See 29 U.S.C. § 2611. According to Arrington's EEOC charge, he worked for Bruno's from October 21, 1996, until February 6, 1997. Obviously, this is a period of less than twelve months. Moreover, nothing in Arrington's pleadings indicates that he worked 1,250 hours or more during his brief tenure at Bruno's. Consequently, Arrington is not an employee who is eligible for FMLA protection, and his claims under this statute must be dismissed.

### Arrington's Title VII Claims.

As an initial matter, court notes that Bruno's concedes in its brief supporting its motion to dismiss that Arrington's pleadings adequately state claims for disparate treatment in discipline and discriminatory discharge. In light of this concession, the court determines that, to the extent Arrington's pleadings allege disparate treatment in discipline and discriminatory discharge, such claims cannot be dismissed.

3

However, Arrington attempts to make three other claims under Title VII that <u>are</u> subject to dismissal.

Among Arrington's Title VII allegations is a claim for negligence. As Bruno's correctly observes, such a claim is not appropriate in a Title VII disparate treatment case. With respect to disparate treatment cases, Title VII exists to redress only <u>intentional</u> discrimination in the workplace. *See* <u>Meeks v. Computer Associates Internat'l</u>, 15 F.3d 1013, 1018-19 (11th Cir. 1994) (noting that plaintiff must prove employer had discriminatory intent in Title VII disparate treatment cases). Therefore, Arrington's claim for negligence under Title VII should be dismissed.

Arrington's pleadings also contain a Title VII claim for racial harassment. However, Arrington's EEOC charge makes no mention of racial harassment or a racially hostile work environment. As such, Arrington's claim for racial harassment goes beyond the scope of his EEOC charge. Consequently, under the law of this circuit, plaintiff may not include such claims in his complaint. As the Eleventh Circuit explained in <u>Baker v. Buckeye Cellulose Corp.</u>, 856 F.2d 167, 169 (1988), "[i]t has long been established in this circuit that the scope of the judicial complaint is defined by the scope of the EEOC investigation that

4

'reasonably can be expected to grow out of the charge of discrimination.'" Clearly, where, as here, one's EEOC charge alleges only racially discriminatory discharge, he cannot reasonably expect that an EEOC investigation of that charge will grow to explore the possible existence of racial harassment. Therefore, because Arrington's claim of racial harassment goes beyond the scope of his EEOC charge, the court determines that such claims should be dismissed. Cf. <u>Oliver v. Russell Corp.</u>, 874 F.Supp. 367, 371 (M.D.Ala. 1994) (finding that plaintiff waived right to allege discrimination in promotions where EEOC charge alleged only discriminatory demotion).

Finally, Arrington alleges retaliation in violation of Title VII. To make out a *prima facie* case for retaliation, a plaintiff must show: 1) that he engaged in statutorily protected expression; 2) that he suffered an adverse employment action; and 3) a causal link between the protected expression and the adverse employment action. <u>Raney v. Vinson Guard Service, Inc.</u>, 120 F.3d 1192, 1196 (11th Cir. 1997). In making his retaliation claim, Arrington simply states that, two days after he filed his EEOC charge, Bruno's security department supervisor Emmitt Boyd ("Boyd") <u>tried</u> to get an employee to make a false statement against him. However, nothing in Arrington's pleadings

5

identifies or describes any adverse employment action that occurred following his protected expression or as a result of Boyd's attempt to discredit him.  Consequently, as with his § 1985 claim, Arrington's pleadings fail to allege an essential element of a claim for retaliation under Title VII and must be dismissed.

### Conclusion.

The court will enter a separate and appropriate order reflecting the conclusions expressed in this memorandum opinion.

DONE this 21st day of October, 1997.

                                        WILLIAM M. ACKER, JR.
                                        UNITED STATES DISTRICT JUDGE